# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**Luis X. Cruz Vazquez,**

   Petitioner

      v.

**United States of America,**

   Respondent.

CIVIL NO. 15-2838 (PG)
Related Crim. No. 09-173-8 (PG)

## **OPINION AND ORDER**

Before the court is Petitioner Luis X. Cruz Vazquez's ("Petitioner" or "Cruz-Vazquez") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255[1] (Dockets No. 1; No. 16; No. 23) and the United States' (or the "Government") opposition thereto (Docket No. 14). For the following reasons, the court **DENIES** Petitioner's motion to vacate.

## **I. BACKGROUND**

On April 15, 2010, a Grand Jury returned a Second Superseding Indictment charging Cruz-Vazquez, his brother, Angel Ayala-Vazquez, and sixty-three other co-defendants for their involvement in a drug-trafficking conspiracy. See Crim. No. 09-173 (PG) (herein "Crim."), Docket No. 775. Cruz-Vazquez was charged with conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 846 and 860 (Count One); conspiracy to import narcotics into the customs territory of the United States, in violation of 21 U.S.C. § 963 (Count Two); possession with intent to distribute heroin, crack cocaine, cocaine and

---

[1] In Petitioner's supplemental motion, he requests, among other things, that this court stay the ruling until he concludes an investigation. Cruz-Vazquez echoed Angel Ayala-Vazquez's Supplement, which the court found to be moot. See Civil No. 15-2447, Docket No. 30. To date, Petitioner has failed to notify the court of his findings and the adjudication on the merits of petitioner's motion cannot be delayed indefinitely. The court hereby denies Cruz-Vazquez's Supplemental Motion (Docket No. 23).

marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 860 and 18 U.S.C. § 2 (Counts Three to Six); conspiracies to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Counts Seven to Eleven); and narcotics and money laundering forfeiture allegations, under 21 U.S.C. §§ 853, 881, and 18 U.S.C. § 982. See id.

Cruz-Vazquez proceeded to trial and the jury found him guilty on Counts One, Three, Four, Five, Six, and Seven. See Crim. Docket No. 1606. Cruz-Vazquez was sentenced to a term of life imprisonment. He appealed, but the First Circuit Court of Appeals affirmed his conviction and sentence. See United States v. Ayala-Vazquez, 751 F.3d 1 (1st Cir. 2014).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); Hill v. United States, 368 U.S. 424, 426-427 (1962); Ellis v. United States, 313 F.3d 636, 641 (1st Cir. 2002).

### *Ineffective Assistance of Counsel Claims*

The Sixth Amendment guarantees that in all criminal prosecutions, the accused have a right to the assistance of counsel for their defense. U.S. Const. amend. VI. It has long been recognized that the right to counsel means the right to effective legal assistance. Strickland v. Washington, 466 U.S. 669, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771 n. 14 (1970)). Where, as here, a petitioner moves to vacate his sentence on ineffective assistance of counsel grounds, he must show that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result."

Strickland, 466 U.S. at 686; see also Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996) (a petitioner seeking to vacate his sentence based on the ineffective assistance of counsel bears a very heavy burden). "Judicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689.

For Petitioner's ineffective assistance of counsel claim to succeed, he must satisfy a two-part test. First, Petitioner needs to show that "counsel's representation 'fell below an objective standard of reasonableness.'" Padilla v. Kentucky, 559 U.S. 356, 366 (2010) (quoting Strickland, 466 U.S. at 688). Second, Petitioner must establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been more favorable to him. See United States v. Carrigan, 724 F.3d 39, 44 (1st Cir. 2013) (citing Missouri v. Frye, 132 S. Ct. 1399, 1409 (2012)). Petitioner must demonstrate both incompetence and prejudice. Failure to prove one element proves fatal for the other. See United States v. Caparotta, 679 F.3d 213, 219 (1st Cir. 2012). Nonetheless, the court "need not address both requirements if the evidence as to either is lacking." Sleeper v. Spencer, 510 F.3d 32, 39 (1st Cir. 2007). Thus, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice…that course should be followed." Strickland, 466 U.S. at 679.

### III.　DISCUSSION

On November 2, 2015, Cruz-Vazquez filed the pending motion to vacate under 28 U.S.C. § 2255 attacking his conviction and sentence. See Docket No. 1. At the underbelly of every argument contained in the motion is the belief that Cruz-Vazquez was deprived of effective assistance of counsel (A) by his trial and appellate counsel and (B) by the Government's "intentional and willful withholding of…exculpatory and impeaching material and introduction of false testimony at trial." See Docket No. 1 at 2. In other words, Cruz-Vazquez argues that his counsel failed to offer effective assistance and that the Government's intentional withholding of

crucial evidence deprived Petitioner's counsel from being able to provide effective assistance. See Docket No. 1 at 37-38.

Petitioner failed to present all of his claims on appeal. Therefore, he has the added burden of proving good cause and actual prejudice with respect to the procedurally defaulted claims. See Owens v. United States, 483 F.3d 48, 56 (1st Cir. 2007) (setting forth analysis of claims subject to procedural default doctrine). The First Circuit has held that "[o]ne way to meet the cause requirement is to show constitutionally ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984)." Wider v. United States, 806 F.3d 653, 658 (1st Cir. 2015). Conversely, if Petitioner fails to establish that the procedural default was the result of his attorney's ineffectiveness, then such claims cannot be presented by way of a § 2255 motion. See United States v. Frady, 456 U.S. 152, 165 (1982) (holding that "a collateral challenge may not do service for an appeal").

Furthermore, the court has deemed waived any other argument that is merely mentioned in passing or is hidden behind Petitioner's primary complains as a mere afterthought. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (holding that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived").

Against this background, the court will address Petitioner's adequately developed claims in turn.

### A. *Conflict of Interest claim*

First, Cruz-Vazquez contends that he was deprived of his Fifth Amendment right to due process and his Sixth Amendment right to the effective assistance of conflict-free counsel on direct appeal because multiple conflicts of interest infected appellate counsel's representation. See Docket No. 1 at 19-22. More specifically, Petitioner claims that appellate counsel's concurrent representation of Government cooperator Jorge Figueroa Agosto, codefendants

Angel Esquilin (8), Luis Cedeño-Burgos (23), Samuel Negrón-Hernandez (3), and Cruz-Vazquez created an irreconcilable conflict of interest. See Docket No.1 at 15. For the reasons that follow, the court finds that the Petitioner's conflict of interest claim lacks merit.

The Supreme Court has held that allowing a single attorney to represent codefendants is not *per se* a violation of constitutional guarantees to effective assistance of counsel. See Wheat v. United States, 486 U.S. 153, 159-160 (citing Holloway v. Arkansas, 435 U.S. 475, 482). In fact, even if the court fails to inquire into a potential conflict about which it reasonably should have known, "a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U.S. 335, 350 (1980). Therefore, a possibility of conflict is not sufficient to impugn a criminal conviction.

Petitioner must prove (1) that there is an actual conflict of interest and (2) that the conflict caused an adverse effect in counsel's performance. If Petitioner proves these two things, he does not need to prove prejudice under Strickland for his conflict of interest claim to prevail. See Yeboah-Sefah v. Ficco, 556 F.3d 53, 73 (1st Cir. 2009). An actual conflict of interest can be established when the "defendant demonstrates that counsel 'actively represented conflicting interests.'" Sullivan, 446 U.S. at 350. To prove an adverse effect in counsel's performance, Petitioner must establish an "adverse action or inaction...that can be traced to the conflict in loyalty." United States v. Burgos-Chaparro, 309 F.3d 50, 53 (1st Cir. 2002). Consequently, not only does Petitioner need to prove inadequate representation, but he must also establish a causal link between the actual conflict of interest and counsel's decision to forgo a particular strategy. Mere speculation is not enough. Id. at 53 (citing United States v. Hernandez-Lebron, 23 F.3d 600, 606-607 (1st Cir. 1994)).

The first thing the court must assess is whether an actual conflict of interest exists between the apparent conflicting loyalties. To prove the existence of an actual conflict "a defendant must

show that (1) the lawyer could have pursued a plausible alternative defense strategy or tactic and (2) the alternative strategy or tactic was inherently in conflict with or not undertaken due to the attorney's other interest or loyalties." United States v. Soldevila-Lopez, 17 F.3d 480, 486 (1st Cir. 1994) (quoting Guaraldi v. Cunningham, 819 F.2d 15, 17 (1st Cir. 1987)).

Petitioner limited the scope of his argument by just stating that appellate counsel failed to challenge the drug trafficking conspiracy. See Docket No. 1 at 22. By doing this, Cruz-Vazquez presupposes actual conflicting loyalties and then argues that counsel failed to challenge the drug trafficking conspiracy because of the alleged conflict. Petitioner had to ascertan and explain, rather than presume, why the concurrent representation resulted in conflicting loyalties. We therefore agree with the Government's argument that Petitioner has not proven anything more than a mere possibility of conflict and thus failed to meet his burden under the applicable test. See Docket No. 14 at 14-15.

Cruz-Vazquez also failed to establish an adverse action or inaction traceable to counsel's performance. Cruz-Vazquez's argument that appellate counsel failed to challenge the drug trafficking conspiracy fails to clarify how this inaction on trial and appellate counsel's part "was in fact the manifestation of divided loyalties." See United States v. DeCologero, 530 F.3d 36, 77 (1st Cir. 2008). In other words, Petitioner failed to prove a causal link between counsel's failure to challenge the drug trafficking conspiracy and counsel's alleged conflict of loyalties. For this reason, the court denies Cruz-Vazquez's habeas relief on this ground.

### B. Multiple Conspiracy Claim

Petitioner claims that he was subject to ineffective assistance when trial and appellate counsel "failed to investigate, prepare and present a multiple-conspiracy defense" even when the "record easily yields the clear necessity/duty for a pretrial investigation and preparation of the well-

established 'supermarket' multiple conspiracy defense..." See Docket No. 1 at 30. This argument lacks coherence and merit.

The court has previously established that "litigants' have the obligation of 'highlighting the relevant facts and analyzing on-point authority.'" Rodriguez v. Mun. of San Juan, 659 F.3d 168, 175 (1st Cir. 2011). Petitioner did not provide any coherent argument detailing why the facts of his case called for the multiple conspiracy defense outlined in United States v. Dellosantos, 649 F.3d 109 (1st Cir. 2011). The court feels the need to stress that "[t]he court will not do counsel's work." Gonzalez-Bermudez v. Abbott Labs. PR Inc., 214 F.Supp.3d 130, 156 (D.P.R. 2016).

Petitioner states that "[t]here were obvious signs of separate "Supermarket" type arrangements..." Docket No. 1 at 29. This statement, without more, is simply not enough for the court to determine that preparing and presenting a multiple conspiracy defense was indeed necessary. After all, a drug trafficking organization that uses a "supermarket" setting is not in itself an *obvious* sign that multiple conspiracies exist. See United States v. Sanchez-Badillo, 540 F.3d 24 (1st Cir. 2008) (finding defendants guilty of a single conspiracy in a "supermarket" setting).

Cruz-Vazquez failed to provide grounds that a multiple conspiracy defense was necessary or obvious. As a result, Cruz-Vazquez failed to show that trial and appellate counsel performed below an objective standard of reasonableness, as required by Strickland, for not asserting this defense. Therefore, the court finds this claim meritless.

### *C. Brady Claim*

Cruz-Vazquez contends that Government deprived his rights to due process and effective assistance of counsel when it failed to disclose a DEA-6[2] report detailing a conversation held

---

[2] DEA is short for Drug Enforcement Administration.

between a confidential source ("CS") and a task force agent. See Docket No. 1. Petitioner argues that the CS identified Carlos Gonzalez as the supervisor of the drug distribution points controlled by Ayala-Vazquez. On the other hand, the Government's witnesses at trial testified that it was Cruz-Vazquez who was in charge of the daily operations of Ayala-Vazquez's drug point at the Barbosa Housing Project. Therefore, Petitioner believes that this DEA-6 report could have served as critical impeachment evidence challenging the veracity of the Government's witnesses at trial.

In <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963), the Supreme Court held that the Government violates a defendant's due process rights whenever it suppresses evidence favorable to the accused, because it is material to determining either guilt or punishment. A true <u>Brady</u> violation has three components, namely, "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." <u>Strickler v. Greene</u>, 527 U.S. 263, 281-282 (1999).

It is possible to impeach a witness by presenting a prior statement made by said witness that is inconsistent with his testimony at trial. See Fed. R. Evid. 613. However, in the present case the record does not show, nor does Cruz-Vazquez claim, that either the CS mentioned in the DEA-6 report or the task force agent that prepared said report testified at trial. As a result, Petitioner would have been unable to use the DEA-6 report for impeachment purposes even if it had been produced.

Even if any of the declarants mentioned in the DEA-6 report had testified at trial, Petitioner still fails to establish the third component of a <u>Brady</u> violation because he has not shown that the withholding of this document caused him prejudice. To establish prejudice, Petitioner has to prove that there is a "reasonable probability that the result of the trial would have been different

if the suppressed documents had been disclosed to the defense." Jackson v. Marshall, 634 F. Supp. 2d 146, 160 (D. Mass. 2009) (quoting Strickler, 527 U.S. at 289). Therefore, "[w]e do not…automatically require a new trial whenever a combing of the prosecutors' files after the trial has disclosed evidence possibly useful to the defense but not likely to have changed the verdict." United States v. Dumas, 207 F.3d 11, 15 (1st Cir. 2000) (quoting Giglio v. United States, 405 U.S. 150, 154 (1972)). There is nothing in the report here at issue that could have reasonably led the jury to reach a different verdict in Cruz-Vazquez's case and Petitioner has failed to make this showing. Therefore, the court concludes that his Brady violation claim lacks merit and his motion is denied on those grounds.

### *D. Vouching*

Petitioner argues that the Government vouched for the credibility of its witnesses at trial, and, as a result, produced an unjust outcome. See Docket No. 1 at 6. Specifically, Petitioner argues that the Government vouched in favor of (1) Maribel Olivo Rivera; (2) Jose Arce Baez; and (3) Lizbeth Caban Olivo. Petitioner, however, did not mention any specific instance in which improper vouching occurred. Additionally, Petitioner claims that his appeal counsel was ineffective because he did not raise this issue on appeal. But this claim is unsupported, insofar as the court does not find any evidence of vouching.

It is understood that "[a] prosecutor improperly vouches for a witness when she places the prestige of her office behind the government's case by, say, imparting her personal belief in a witness's veracity or implying that the jury should credit the prosecution's evidence simply because the government can be trusted." United States v. Perez Ruiz, 353 F.3d 1, 9 (1st Cir. 2003). Vouching requires something more than merely asserting that a witness' testimony ought to be accepted as truthful by the jury. See Perez-Ruiz, 353 F.3d at 10. Additionally, the admission of plea agreements into evidence by themselves does not constitute vouching. See United States

v. Martin, 815 F.2d 818, 821 (1st Cir. 1987). Vouching would have occurred if the prosecution had expressed his personal opinion that any particular witness should be trusted or if the Government presented a redacted version of the transcript, leaving the jury with a false picture of what bargain entailed. See id. Neither of these scenarios occurred in the present case.

Even though Petitioner did not mention exactly what comments constituted vouching, the record shows that each time the prosecutor asked the witnesses about their responsibility to tell the truth under the plea agreements; she also asked them about the benefits that they expected to receive as a result of their cooperation. See Crim. Dockets No. 2999 at 42; No. 3002 at 73; No. 3012 at 46; No. 3017 at 7; and No. 3018 at 76. In light of the foregoing, the court concludes that no vouching occurred because the jury had access to the whole picture presented by each of the witnesses' plea agreements and it could "assess, as best it can, the probable motives or interests the witnesses could have in testifying truthfully or falsely." Martin, 815 F.2d at 821. Consequently, Petitioner's claim on this ground fails.

Additionally, Petitioner argues that his appellate counsel was ineffective because he did not raise the present issue on appeal. The court has previously established that there is "no constitutional duty to raise every issue, where, in the attorney's judgment, the issue has little or no likelihood of success." Colon-Diaz v. United States, 899 F.Supp. 2d 199, 134 (D.P.R. 2012) (quoting Jones v. Barnes, 463 U.S. 745, 751-53 (1983)). Here, the argument now raised by Petitioner had little to no likelihood of success on appeal. Thus, the court would be hard pressed to find that appellate counsel was deficient for failing to raise it.

Finally, even assuming for argument's sake that the attorney's performance was deficient, Cruz-Vazquez would still need to demonstrate prejudice–i.e., the existence of a reasonable probability that, but for counsel's errors, he would have prevailed on appeal. See id. Since Petitioner has not shown such a probability, his ineffective assistance of counsel claim still fails.

### E. Perjured Testimony Claim

Cruz-Vazquez claims that the Government purposely introduced perjured testimony at trial. Petitioner makes reference to the pleadings filed by Elvin Torres-Estrada in Crim. No. 11-045 (PG), and argues that, "[u]pon information and belief [they] contain information, including sworn declarations, that present clear prejudicial Brady violations, because the government had exculpatory and impeachment evidence in its possession before trial but failed to disclose that evidence to the defense." Civil No. 15-2447 (PG), Docket No. 1 at 23.

The court hereby adopts and incorporates, as procedurally permitted, its Opinion and Order of Angel Ayala-Vazquez's motion to vacate pursuant to 28 U.S.C. § 2255. See Civil No. 15-2447 (PG), Docket No. 35 at 7-8. Therein, the court found that Angel Ayala-Vazquez's argument that the Government purposely introduced perjured testimony at trial lacked any concrete or verifiable facts in support, thus denying petitioner's claim on this ground.

### F. Crawford[3] Claim

Cruz-Vazquez asserts that Government violated his Sixth Amendment right to confront witnesses by introducing a taped conversation between informant Jose Berberena-Gerena and one of his co-conspirators, Charlie Martinez-Baez ("Charlie"). See Civil No. 15-2447 (PG), Docket No. 1 at 24. The evidence in question was presented at trial through FBI agent Edward O. Cabral. The informant himself did not testify. See Crim. Docket No. 3002 at 43-65. Petitioner argues that the informant's statements were "testimonial" and thus, within the purview of the Sixth Amendment's Confrontation Clause. See Civil No. 15-2447 (PG), Docket No. 1 at 28.

The court hereby adopts and incorporates, as procedurally permitted, its Opinion and Order of Angel Ayala-Vazquez's motion to vacate pursuant to 28 U.S.C. § 2255. See Civil No. 15-2447

---

[3] Crawford v. Washington, 541 U.S. 36 (2004).

(PG), Docket No. 35 at 8-13. Therein, the court found that Angel Ayala-Vazquez's <u>Crawford</u> challenges to the informant and co-conspirator evidence admitted at trial lack merit. First, the testimony accepted was admissible under a well-established exception to the hearsay rule which states that "the statement is not hearsay in that it is being admitted for a purpose other than establishing the truth of the matter asserted." <u>See</u> <u>United States v. Cruz-Diaz</u>, 550 F.3d 169, 176 (1st Cir. 2008); Civil No. 15-2447 (PG), Docket No. 35 at 10. Second, the evidence passes the four-element test elucidated by the First Circuit in <u>United States v. Rivera-Donate</u>, 682 F.3d 120, 131 (1st Cir. 2012), which renders the evidence as indisputably admissible under co-conspirator hearsay exception set forth in Fed. R. Evid. 801(d)(2)(E). Therefore, this court denied the claim on this ground.

### *G. Sentencing Disparity*

Cruz-Vazquez's last claim is that he suffered ineffective assistance of trial and appellate counsel when counsel failed to contend the sentencing disparity prior to or at sentencing. Cruz-Vazquez is not claiming that his sentence was not substantively reasonable, but that counsel did not provide evidence to support a sentencing disparity argument. <u>See</u> Docket No. 16 at 8.

Petitioner must satisfy <u>Strickland</u>'s aforementioned two-prong test if his argument is to succeed. As previously set forth, the court need not address both of the prongs if evidence as to either is lacking. <u>Sleeper</u>, 510 F.3d at 39. It is the court's assessment that Petitioner failed to prove that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been more favorable to him.

As the Petitioner rightly argues, "Judge Thompson's comments reveal the lack of adequate sentencing mitigation information about Mr. Cruz Vazquez in the record." Docket No. 1 at 40 (citing <u>Ayala-Vazquez</u>, 751 F.3d at 27, 32). This cannot be construed to mean that mitigating factors exist in the first place. As the court recalls, it did not depart from the sentencing

guidelines precisely because there were no convincing factors that would compel the court to do so. In fact, Petitioner does not mention factors that counsel failed to use prior to or at sentencing to contend the disparity.

"Judges are not mindreaders. Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace." Echevarría v. AstraZeneca Pharmaceutical LP, 856 F.3d 119, 139 (1st Cir. 2017) (quoting United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990)). As the court stands, counsel did not present mitigating factors during trial, nor did the Petitioner provide them now. Cruz-Vazquez has failed to show prejudice in this respect. His request for habeas relief on this ground is thus denied.

## IV.  CONCLUSION

For the reasons previously explained, the court finds that Cruz-Vazquez's claims lack merit. Accordingly, his request for habeas relief under 28 U.S.C. § 2255 (Dockets No. 1, 16, 23) is **DENIED**. The case is, therefore, **DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.

## V.  CERTIFICATE OF APPEALABILITY

It is further ordered that no certificate of appealability should be issued in the event that the Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, March 5, 2019.

S/ JUAN M. PÉREZ-GIMÉNEZ
**JUAN M. PEREZ-GIMENEZ**
**SENIOR U.S. DISTRICT JUDGE**